FILED

OCT 20 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEITH DESMOND TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>RON DAVIS, Warden, et al.,<br><br>Defendants. | Case No. 17-CV-04221 LHK (PR)<br><br>**ORDER OF DISMISSAL** |
|---|---|

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in a separate order. For the reasons stated below, the court dismisses the complaint.

## DISCUSSION

A. <u>Standard of review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal claims

In the complaint, plaintiff alleges that in 1996, defendant San Bernardino County Superior Court Judge Michael Smith "allowed [plaintiff] to be sent to unlawful conditions [sic] a death sentence on death row because there was no evidence for warrant to arrest nor any evidence proven in discovery." Compl. at 3. Plaintiff requests damages for the time during which plaintiff has been incarcerated.

Although plaintiff's complaint is vague, the complained of events occurred in San Bernardino County, which is located within the venue of the Central District of California. Plaintiff names as a defendant Ron Davis, the Warden of San Quentin State Prison, but plaintiff fails to link Warden Davis to any alleged violation. Thus, Warden Davis is DISMISSED.

The remaining defendant, and the only one named in plaintiff's statement of facts, is Judge Michael Smith, who resides in San Bernardino County. No defendant is alleged to reside in, and none of the events or omissions giving rise to the complaint occurred in, the Northern District of California. Venue therefore would be proper in the Central District, and not in this one. *See* 28 U.S.C. § 1391(b). The court "shall dismiss, or if it be in the interest of justice, transfer" an action that has been filed in the wrong venue. 28 U.S.C. § 1406(a).

This is the fourth time plaintiff has filed an action against Judge Smith for alleged errors in the trial in San Bernardino County Superior Court. In the first action against Judge Smith, *Taylor v. Smith, et al.*, N.D. Cal. No. 09-CV-3009 MMC, the claims against Judge Smith were dismissed

Case No. 17-CV-04221 LHK (PR)
ORDER OF DISMISSAL
2

as filed in the wrong venue and without prejudice to plaintiff filing an action in the Central District of California. The second and third actions against Judge Smith, *Taylor v. Smith*, N.D. Cal. No. 13-CV-4550 EMC, and *Taylor v. Smith*, N.D. Cal. No. 17-CV-00809 EMC, were dismissed as filed in the wrong venue, with an explanation that transfer to the proper venue – the Central District of California – was not appropriate because plaintiff had previously been informed that the Central District of California, rather than the Northern District of California, was the proper venue for his claims.

As the previous dismissal orders have noted, in light of the earlier orders explaining that the Northern District of California is not the appropriate venue for an action against Judge Smith, there was no reason for plaintiff to repeat his mistake. It is not in the interest of justice to transfer this action to the Central District of California because it unnecessarily consumes limited judicial resources for the transferring court, i.e., the Northern District of California, to process a case filed by a plaintiff who knowingly files his case in the wrong district.

## CONCLUSION

This action is DISMISSED because it was filed in the wrong venue. This dismissal is without prejudice to plaintiff pursuing his claims in the Central District of California. The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: 10/20/2017

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-04221 LHK (PR)
ORDER OF DISMISSAL

3